A CERTIFIED TRUE COPY
ATTEST
By April Layne on Oct 14, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
OCT 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 14, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE MARKETING AND SALES
PRACTICES LITIGATION

MDL No. 1988-DMS(LSP)

## TRANSFER ORDER

**Before the entire Panel**: Defendant Countrywide Financial Corp. (Countrywide) and affiliated entities[1] move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in one putative nationwide class action pending in the Central District of California support the motion. Plaintiffs in a second Central District of California and a Western District of Kentucky potential tag-along action agree that centralization is appropriate, but suggest the Western District of Kentucky as transferee district. The attorneys general of California and Illinois and the city attorney of San Diego oppose inclusion of their actions pending in the Central District of California, the Northern District of Illinois and the Southern District of California, respectively; alternatively, opponents ask the Panel to defer its Section 1407 ruling pending rulings on motions to remand their actions to state court. On October 8, 2008, movants informed the Panel that the California and Illinois attorneys general have recently settled claims in their actions against Countrywide and affiliated entities. The Countrywide movants now seek to withdraw their Section 1407 motion insofar as it relates to these two actions.

This litigation presently consists of seven actions listed on Schedule A and pending in four districts as follows: three actions in the Central District of California; two actions in the Southern District of California; and one action each in the Northern District of Illinois and the Western District of Kentucky.[2]

---

[1] Countrywide Bank, FSB; Countrywide Home Loans, Inc.; and Bank of America Corp.

[2] The seventh action – *Kimberly A. Jackson v. Countrywide Financial Corp., et al.*, W.D. Kentucky, C.A. No. 3:08-457 – while not included in the initial Section 1407 motion, is included in our decision because all parties to this action have stated their position on the matter before us in writing and at oral argument.

The Panel has been notified that four related actions are pending as follows, one action each in the District of Connecticut, the Southern District of Florida, the Northern District of Indiana and the Southern District of West Virginia. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

-2-

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that Countrywide engaged in predatory lending practices by (1) originating and/or servicing residential mortgages in an unlawful, unfair or deceptive fashion, (2) misrepresenting or concealing the terms, risk, or suitability of the loans; and/or (3) placing borrowers in loans that they could not afford. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification in some actions; and conserve the resources of the parties, their counsel and the judiciary. The sufficiency of class allegations is an overarching issue in the putative nationwide class actions in this MDL proceeding.

Movants' request to withdraw their Section 1407 motion as it relates to the California and Illinois attorneys general actions is denied. These two actions involve one or more Countrywide affiliated individual defendants and claims in these actions against these individuals continue to share factual questions with claims in the remaining MDL No. 1988 actions.

The California and Illinois attorneys general and the San Diego city attorney oppose inclusion of their actions in MDL No. 1998 proceedings, arguing that federal jurisdiction is not proper and motions to remand their actions to state court are pending. In the interest of economy and efficiency, these motions can be presented to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). In light of important issues raised in these motions, the Panel urges the transferee judge to consider them expeditiously. The transferee judge is also in a good position to coordinate any proceedings relating to settlement of claims by the California and Illinois attorneys general and Countrywide and affiliated entities.

Opponents also express reservations concerning the management of their actions and the putative nationwide class actions in one MDL proceeding. Transfer to a single district under Section 1407, however, has the salutary effect of placing all related actions before one court which can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 1988 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these putative nationwide class actions and government enforcement actions to the discretion of the transferee court. *See In re Mutual Funds Litigation,* 310 F.Supp.2d 1359 (J.P.M.L. 2004); *In re Equity Funding Corp. of America Securities Litigation,* 375 F.Supp. 1378 (J.P.M.L. 1974).

We have selected as transferee district the Southern District of California, because (1) two of the seven actions in this docket are pending in this district, (2) Countrywide's principal place of business is

- 3 -

in California, and parties, witnesses and documents may be found there, and (3) the Southern District of California has the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Dana M. Sabraw for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz            Robert L. Miller, Jr.
Kathryn H. Vratil            David R. Hansen
W. Royal Furgeson, Jr.

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE MARKETING AND SALES
PRACTICES LITIGATION                                                MDL No. 1988

## SCHEDULE A

### Central District of California

Heath O. White, et al. v. Countrywide Financial Corp., et al., C.A. No. 2:07-6094
The People of the State of California v. Countrywide Financial Corp., et al.,
  C.A. No. 2:08-4861
Symone Leyvas, et al. v. Bank of America Corp., et al., C.A. No. 8:08-787

### Southern District of California

Roy V. Hursh v. Countrywide Financial Corp., et al., C.A. No. 3:08-1313
The People of the State of California v. Countrywide Financial Corp., et al.,
  C.A. No. 3:08-1348

### Northern District of Illinois

The People of the State of Illinois v. Countrywide Financial Corp., et al.,
  C.A. No. 1:08-4210

### Western District of Kentucky

Kimberly A. Jackson v. Countrywide Financial Corp., et al., C.A. No. 3:08-457